Commonwealth v. McKissick.

in the courts of Pennsylvania under the authority of letters of administra. tion granted in another state?

And after argument, by *M. Levy*, for the plaintiff, and by *Hopkinson*, for the defendant (in the course of which 1 Dall. 456 ; 1 Dall. Laws, 30, were cited):

THE COURT, adverting to the numerous instances, both since and before the revolution, in which such suits were maintained, unanimously pronounced—

Judgment for the plaintiff.

---

## COMMONWEALTH v. McKISSICK et al.

### City lots.

The act of the 9th of March 1796, declared those Pennsylvania claimants who had complied with the terms of the confirming law (while the said law was in existence), entitled to the benefit of the same, and enacted, that the sums found due to them should be credited to them in taking out new warrants, in any part of the state where vacant land may be found: *Held*, that the act did not apply to warrants to be located on lots within the city of Philadelphia. (a)

ON the 15th of March 1802, a rule was obtained upon the receiver-general, which was afterwards extended to the secretary of the land-office, to show cause why a *mandamus* should not issue, commanding them to receive a certain certificate, in payment for city lots, located by the late Thomas Billington.

The application for the rule was founded upon an act of the general assembly, passed on the 9th of March 1796 (4 Dall. Laws, 16), which contains the following enacting clause :

Sect. 1. " That it shall and may be lawful for the board of property, and they are hereby enjoined and required, to proceed upon the reports of the commissioners appointed by the act passed the 28th day of March 1787, entitled ' an act for ascertaining and confirming to certain persons, called Connecticut claimants, the lands by them claimed within the county of Luzerne,' which have been filed in the office of the secretary, and ascertain, as nearly as they can, from the documents so placed in the secretary's office, and from such further evidence as they may deem necessary, and *293] *which shall be produced to them, what sum or sums ought, on the principles of the aforesaid law, to be allowed to the respective owners ; and and the receiver-general shall thereupon deliver a certificate of such sum or sums to the respective owners, and enter a credit in his books for the same, which may be transferred to any person, and passed as credit, either in taking out new warrants, in any part of the state where vacant land may be found, or paying arrearages on former grants : Provided nevertheless, that the value of the land for which such certificates are so to be delivered to the aforesaid claimants, shall not be estimated otherwise than if the same had been made by the board of property, immediately after the report of the aforesaid commissioners, in pursuance of the law hereinbefore mentioned : And provided further, that the claimants, who are

---

(a) And see Freytag v. Powell, 1 Whart. 536 ; Barton v. Bovier, 1 Phila. 523.

Commonwealth v. McKissick.

by this act intended to be compensated, shall, at the time of receiving the certificates aforesaid, release to the commonwealth their respective claims to the lands, for which they shall receive compensation."

Thomas Billington purchased several certificates, which had been issued under the authority of this act, and tendered them in payment for warrants to be located on certain lots in the city of Philadelphia, which he alleged to be " vacant land." The legislature having granted all the unappropriated city lots to the inspectors of the prison of Philadelphia, for public uses, the inspectors employed counsel, to oppose the rule for issuing a *mandamus*.

Accordingly, *Dallas*, in showing cause against the rule, stated two points, for the consideration of the court : 1st. Whether, upon a just construction of the act of March 1796, and acts *in pari materia*, the right of location could apply to land within the boundaries of the city of Philadelphia. And 2d. Whether, in the strictest sense of interpretation, city lots could be regarded as vacant land.

The act of March 1796 is engrafted upon the act of the 28th of March 1787, usually called " the confirming law " (P. L. 274), which, however, had been repealed by the act of the 1st of April 1790. (2 Dall. Laws, 786.) It was expressly intended to entitle those Pennsylvania claimants, who had complied with the terms of the confirming law, "while the said law was in existence, to the benefits of the same." (Preamble, 4 Dall. Laws, 16.) What, then, were the benefits conferred on Pennsylvania claimants by the confirming law ? A right to an equivalent, for the land they surrendered, which might be taken " either in the old, or new purchase, at the option of the claimant." (P. L. 274, § 9.) And the act of March 1796 did not profess to enlarge, nor has it, in terms, enlarged the right thus conferred. Besides, the act \*of March 1796, evidently restricts the location, under the Wyoming certificates, to those lands, for which the land-officers [\*294 were previously authorized to grant warrants ; and no authority was ever given to the land-officers to sell city lots, until the act of the 5th of April 1797. (4 Dall. Laws, 165.)

Here, *Dallas* was stopped by the Court, who declared, that they could not conjecture upon what ground the rule was tenable ; and desired to hear the opposite counsel. *Ingersoll* and *Rawle*, however, acknowledged, that they saw the subject in a point of view different from that, in which it was presented, when they made the motion ; and declined any further argument.

BY THE COURT.—Let the rule be discharged.